UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-cr-40035-JPG |
| JONATHAN ERICKSEN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jonathan Ericksen ("Defendant" or "Ericksen") Motion for Judgment of Acquittal (Doc. 47). Plaintiff United States of America ("Government") responded (Doc. 49).

I.  **Procedural Background**

Defendant files this motion for judgment for acquittal under Fed. R. Crim. P. 29(c) following a two-day jury trial. On September 28, 2022, Defendant was found guilty of Attempted Enticement of a Minor in violation of 18 U.S.C. § 2242(b). Defendant was indicted for the above-mentioned offenses on April 6, 2021.

On September 27, trial in this matter began. The Government presented its evidence, including the testimony of FBI Special Agents Kurt Bendoraitis, Bryan Knowles, and Treva Mathews. Following the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a). Upon hearing arguments on both sides, the Court denied Defendant's Rule 29(a) motion. Defendant then rested its case without testifying or presenting evidence. The jury returned a guilty verdict on the count of attempted enticement of a minor. Ericksen now renews his Motion pursuant to Rule 29(c).

## II.  Factual Background

On December 20, 2020, Ericksen began chatting with an individual that he believed was named "Lindsey." However, "Lindsey" was actually an undercover FBI Agent who was using the social media platform, Skout. The conversation later transitioned to a different platform named Kik. Ericksen was chatting with "Lindsey" from March 10, 2021, until March 14, 2021. The conversation between Ericksen and "Lindsey" was sexually charged. For example, Ericksen told "Lindsey" that she can do "what ever you're okay doing with me doing" and promised to bring his "apatite" when referring to oral sex. Later he clarified "you do want to have sex don't you." On March 13, Ericksen made plans to meet "Lindsey," asked for "Lindsey's" address, traveled from Tennessee to Illinois, arriving at the rendezvous point, and let her know when he would arrive.

After Ericksen's arrival, he was stopped and interviewed by FBI Agents. During the interview he admitted it was him communicating with the "Lindsey" profile on both platforms, admitted to knowing she was 15 years old, and admitted to traveling from Tennessee to Illinois to meet the purported minor.

## III.  Analysis

The issue on a motion under Rule 29(c) is the same as the issue on appeal: whether the evidence, taken in the light most favorable to the verdict, permits a sensible person to find beyond a reasonable doubt that the defendant committed the crime alleged. *United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003). Rule 29(c) does not authorize the judge to play thirteenth juror. *See Charles Alan Wright*, 2A Federal Practice & Procedure § 467 (3d ed. 2000) (collecting authority).

Defendant first argues that this Court resurrect the "hypothesis of innocence" test, which

the Seventh Circuit Court of Appeals and the Supreme Court of the United States has rejected. *United States v. Moya*, 721 F.2d 606, 609 (7th Cir. 1983), *Jackson v. Virginia*, 443 U.S. 307, 325 (1979). The "hypothesis of innocence" test requires the reviewing court to put aside the prosecution's inferences and to determine whether the trier of fact could reasonably conclude that the evidence is inconsistent with the defendant's hypothesis. *Moya*, 721 F.2d at 610 (7th Cir. 1983). Originated in the Fifth Circuit, the test is whether the evidence viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt, and is such that a reasonable-minded jury must have reasonable doubt as to the defendant's guilty. *United States v. Fearn*, 589 F.2d 1316, 1320-21 (7th Cir. 1979).

      The reasonable doubt test is satisfied when a reviewing court finds that, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789 (1979) (citation omitted, emphasis in original).  In applying this test, the reviewing court must "assume that the jury drew all reasonable inferences in the prosecution's favor...." *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir.1984); *see also United States v. Herrera*, 757 F.2d 144, 149–150 (7th Cir. 1985). However, as Ericksen acknowledges, the Seventh Circuit "never abandoned the reasonable doubt test when reviewing the sufficiency of evidence in criminal cases." *Moya*, 721 F.2d at 609. In short, Ericksen indicates that his intention is only to preserve the issue for later review by the U.S. Supreme Court. (Doc. 48 at 6).

      Nonetheless, assuming arguendo the "hypothesis of innocence" test controls, the Government argues that Ericksen's motion fails because the evidence can hardly be described as "so scant that the jury could only speculate as to the defendant's guilt and is such that a

reasonably-minded jury must have a reasonable doubt as to the defendant's guilt." *United States v. Fearn*, 589 F.2d 1316, 1320-21 (7th Cir. 1979).[1] The Court agrees. There was ample evidence, such as Ericksen's more than an hour of interstate travel, the messages read into evidence, and words during the interview with FBI agents. Even putting aside the prosecution's inferences, the Court finds that Ericksen does not pass the "hypothesis of innocence" test if it controlled. Ericksen's conviction was not based solely on circumstantial evidence but various types of evidence that a reasonable juror could find defendant committed the crime charged.

Additionally, under the controlling theory, Ericksen fails. Additionally, Ericksen concedes that there was evidence upon which the jury could and did convict him. (Doc. 48 at 4). The evidence established that Ericksen communicated was the "Lindsey" profile, knew the minor was 15-years of age[2], and attempted to entice the minor into engaging in sexual activity. Ericksen told "Lindsey" that she can do "what ever you're okay doing with me doing" and promised to bring his "apatite" when referring to oral sex. Later he clarified "you do want to have sex don't you." Additionally, Ericksen clearly made a substantial step towards commission of the offense. He made plans to meet, asked for "Lindsey's" address, traveled interstate, and let her know when he would arrive.

Based on this evidence, under a Rule 29(c) motion, Ericksen is not successful in the relief he is requesting. Viewing the evidence in the light most favorable to the government, a reasonable juror would find beyond a reasonable doubt that Ericksen committed the crime of attempted enticement of a minor.

---

[1] This test has also been called the "fingerprint only doctrine," where the originating case was based on a case where ethe only real evidence implicated the defendant was a fingerprint. *United States v. Lonsdale*, 577 F.2d 923, 929 (5th Cir. 1978).

[2] The undercover agent referenced her age multiple times during the chat. Initially, the agent stated "I'm sorry I'm just alittle inexperienced being 15." Later, Ericksen used terms to refer to "Lindsey" as "hun," "bad girl," etc.

### IV. Conclusion

The Court hereby **DENIES** Ericksen's Motion for Judgment of Acquittal (Doc. 47).

**IT IS SO ORDERED.**
**DATED: November 18, 2022**

                                                **/s J. Phil Gilbert**
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**