IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

     v.

JONATHAN ERICKSEN,

   Defendant.

Case No. 21-cr-40035-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jonathan Ericksen's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 73). Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 76). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 78). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

A jury found the defendant guilty of one count of attempted enticement of a minor to participate in criminal sexual activity in violation of 18 U.S.C. § 2422(b). At sentencing, the Court found that the defendant's total offense level was 30. He had accumulated no criminal history points, so his criminal history category was I. 1st Rev. PSR ¶¶ 27-28. These findings would ordinarily lead to a guideline sentencing range of 97 to 121 months, but because the statute of conviction carried a 10-year mandatory minimum sentence, his effective range was 120 to 121 months. U.S.S.G. § 5G1.1(c)(2). The Court sentenced him to serve 120 months in

prison in conformity with the statutory mandatory minimum.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to the guidelines to reduce the offense level of some offenders with no criminal history points.  Specifically, U.S.S.G. § 4C1.1 (2023) provides that if a defendant had accumulated no criminal history points and his offense did not involve specified aggravating factors, his offense level would be reduced by 2 points.[1]   Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   The new U.S.S.G. § 4C1.1 created by Part B of Amendment 821 does not apply to the defendant.

---

[1] Part A of Amendment 821 concerns criminal history points awarded because a defendant was under a criminal sentence when he committed his offense of conviction ("status points").   This does not apply to the defendant because he received no status points.

Although he received zero criminal history points, his offense was a disqualifying sex offense. He was convicted of violating 18 U.S.C. § 2422(b) (enticement of a minor to engage in criminal sexual activity), which falls under Chapter 117 of Title 18 of the United States Code.   This sex offense conviction disqualifies him from the 2-point offense level reduction.   *See* U.S.S.G. § 4C1.1(a)(5) & (b)(2)(A)(iii) (2023) (requiring the defendant's offense not be a sex offense under 18 U.S.C. ch. 117 in order to get the 2-point offense level reduction).

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 76) and **DENIES** Ericksen's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 73).   Counsel Daniel G. Cronin is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   June 20, 2024**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **U.S. DISTRICT JUDGE**